<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSHUA THOMAS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 12-3979 (MAS) (LHG) |
| BOROUGH OF MONMOUTH BEACH, *et al.* | : **MEMORANDUM OPINION** |
| Defendants. | : |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on Defendant Borough of Monmouth Beach's[1] Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Def.'s Br., ECF No. 8.) *Pro se* Plaintiff Joshua Thomas ("Plaintiff") opposes the motion. (Pl.'s Opp'n Br., ECF No. 9.) Defendant filed a Reply. (Def.'s Reply, ECF No. 10.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Rule 78. For the reasons set forth below, and other good cause shown, Defendants' Motion to Dismiss is GRANTED and Plaintiff's Complaint is DISMISSED with prejudice.

**I.   Background**

In May 2008, Plaintiff was hired by the Borough of Monmouth Beach (the "Borough") as a police officer.[2] (Compl. ¶ 7, ECF No. 1.) In August 2009, Plaintiff was involved in an

---

[1] Defendants include the Borough of Monmouth Beach and Drew Winans, individually and in his capacity as Chief of Police of the Borough of Monmouth Beach (collectively, "Defendants").

[2] While not necessary for the Court's conclusion, according to the findings in a related State Court Opinion, the Borough hired Plaintiff as a Special Policer Officer Class II, and Plaintiff was

altercation on the Seaside Heights Boardwalk while off-duty. (*Id.* ¶ 11.) During this incident, Plaintiff alleges he was attacked by Ronald Ortiz Magro. (*Id.*) In mid-January 2010, the altercation aired on the television network MTV, as part of a reality television show called "Jersey Shore." (*Id.* ¶ 15.)

The Borough initiated an internal affairs investigation during which Plaintiff discussed the matter with current Police Chief Winans, who was serving as Lieutenant and the Head of Internal Affairs at the time. (*Id.* ¶ 12.) After reviewing video of the incident, the Borough concluded that Plaintiff was the aggressor and that he had been untruthful during the internal affairs investigation. (*Id.* ¶ 17.) On February 9, 2010, Plaintiff was terminated. (Pl.'s Opp'n Br. 9.)

Plaintiff initiated an action in the Superior Court of New Jersey[3] claiming that the Borough violated his rights under N.J. Stat. Ann. § 40A:14-147 because it terminated him without the required written notice or a public hearing. (*Id.* ¶ 20.)

On April 16, 2012, Chief of Police Winans signed a certification (the "Certification") in a separate state court proceeding (not relevant here), stating that Plaintiff lied to him, which resulted in Plaintiff's termination. (*Id.* ¶ 22.) Plaintiff states that due to the Certification, his reputation is tarnished and he can no longer obtain employment in law enforcement. (Pl.'s Opp'n Br. 30.)

---

subsequently appointed to be a probationary officer, a position he held at the time of his termination. (ECF No. 8-1, Ex. B, at 3, 6.)

[3] The New Jersey Superior Court dismissed Plaintiff's complaint, finding that N.J. Stat. Ann. § 40A:14-147 did not confer the limited statutory right to notice and a hearing to Plaintiff, who was considered a "probationary police officer." Probationary police officers are exempt from the purview of the statute. The matter is currently pending on appeal. (Compl. ¶ 21.)

2

On June 28, 2012, Plaintiff initiated this suit alleging that the Borough violated his liberty interest in his good name and reputation under 42 U.S.C. § 1983 because the Borough did not hold a full, fair, public "name clearing hearing." (*Id.* ¶¶ 23-29.) Plaintiff further alleges multiple state law claims. He argues he is entitled to protection under N.J. Stat. Ann. § 38:16-1, which states that veterans[4] may only be fired from public employment for cause, after a fair and impartial hearing. (*Id.* ¶¶ 30-31.) Additionally, Plaintiff alleges breach of contract and alternatively, unjust enrichment. (*Id.* ¶¶ 32-34.) Moreover, Plaintiff claims "Bad Faith in Contract." (*Id.* ¶¶ 35-36.)

## II.   Legal Standard and Analysis

### A.   Standard for Motion to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any

---

[4] Plaintiff's Complaint alleges that he served in the Coast Guard. (Compl. ¶¶ 4-5.)

3

conclusory allegations proffered in the complaint. *Id.* For example, the court is free to ignore legal conclusions or factually unsupported accusations which merely state that "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Determining plausibility is a "context-specific task which requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plausibility, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 545). In the end, facts which only suggest the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

**B.     Discussion**

The Borough argues the Complaint must be dismissed on several grounds, including the applicable statute of limitations. The relevant statute of limitations begins to run when a plaintiff's cause of action accrues. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 (3d Cir. 1994). It is well established the "accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The standard rule is that accrual occurs when the plaintiff has "a complete and present cause of action." *Id.* (citing *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). "A section 1983 claim accrues when a plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." *Johnson v. Cullen*, 925 F. Supp. 244,

4

248 (D. Del. 1996) (citing *Deary v. Three Un-Named Police Officers*, 746 F.2d 185, 197 n.16 (3d Cir. 1984)).

Here, Plaintiff's cause of action is based on his undisputed February 9, 2010 termination. (Pl.'s Opp'n Br. 9-10.) At that point, Plaintiff knew or should have known that he had a complete and present cause of action. The deprivation of his liberty interest, which stems from his termination without a public "name clearing hearing," created his alleged § 1983 cause of action. Plaintiff concedes that a two-year statute of limitations applies to the case at bar. (Pl.'s Opp'n Br. 26.) This suit was initiated on June 28, 2012, more than two years after Plaintiff's termination. Thus, Plaintiff's liberty interest in a "name clearing hearing" in the course of being terminated is time barred.

Plaintiff further argues that his liberty interest was violated under 42 U.S.C. § 1983 by the Certification signed by Chief Winans in state court litigation. Indeed, Plaintiff claims that:

> The damage to plaintiff's good name and reputation . . . did not occur until only a few months ago on April 16, 2012, when defendant Winans voluntarily and willingly. . . signed a detailed certification in litigation . . . wherein Winans . . . again publically - and falsely - accusing plaintiff of lying and being a law breaker and advising the world that this is specifically why plaintiff was terminated.

(Pl's Opp'n Br. 30.)

As the cause of action for the termination is time barred, the Certification which is the only allegation of harm to Plaintiff's reputation, cannot stand on its own. "Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). In *Siegert*, the Court held, "[t]he alleged defamation was not uttered incident to the termination . . . since the [allegedly defamatory statement] was written several *weeks* later." Here, the allegedly defamatory statement occurred *two years* after termination. *Id.* at 243 (emphasis added).

Having dismissed the sole federal claim at issue, the Court declines to exercise supplemental jurisdiction over Plaintiff's New Jersey state claims. *See Cunningham v. Lenape Reg'l High Dist. Bd. of Educ.*, 492 F. Supp. 2d 439, 451 (D.N.J. 2007).

### C.     Conclusion

For the reasons set forth above, and other good cause shown, it is hereby ordered that Defendants' Motion to Dismiss is GRANTED and Plaintiff's Complaint is DISMISSED with prejudice. An Order consistent with this Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: April 23rd, 2013